UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

ALLEN WILSON                                    CASE NO. 13-10302

DEBTOR                                          CHAPTER 7

**MEMORANDUM OPINION**

The firm of Dilks & Knopik has applied[1] to recover $7,563.61 in unclaimed funds deposited with the clerk pursuant to 28 U.S.C. §2041. The application alleges that Allison and Anthony Crawford are the sole heirs of debtor Allen Wilson, who died February 15, 2016.[2]

The Crawfords evidenced their claim to the funds with Affidavits of Small Succession. Louisiana law allows heirs and legatees of estates valued at less than $125,000 at the date of death to avoid judicially opening a succession.[3] A properly executed Affidavit of Small Succession entitles the affiant to ownership and control of any monies or property of the deceased that third parties may hold.[4] Heirs wishing to take advantage of a small succession in Louisiana must comply with Louisiana Code of Civil Procedure article 3432. Among the article's requirements is "a description of the property left by the deceased"[5] and "a showing of the value of each item of property, and the aggregate value of all such property, at the time of the death of the deceased."[6]

---

[1] Application for Recovery of Unclaimed Funds, P-54.

[2] *Id.*, pp. 6-9 and 17-20.

[3] La. Code Civ. P. art. 3421 and 3431.

[4] La. Code Civ. P. art. 3434.

[5] La. Code Civ. P. art. 3432(A)(5).

[6] La. Code Civ. P. art. 3432(A)(6).

Allison and Anthony Crawford's affidavits both lack critical information.[7] In fact both affidavits left entirely blank a section requiring full legal description of all movable and immovable property and the value of each item. Nor were those the only required disclosures omitted from that Allison and Anthony Crawford's affidavits. The law requires the affidavit to disclose the decedent's domicile at the time of death;[8] the address of each heir;[9] and a statement describing the respective interest in the property each heir has inherited.[10] Further, Ms. Crawford's affidavit omits even the name of the deceased, his complete date of death, and the date she executed the affidavit.

The Affidavits of Small Succession submitted to the court fail to comply with La. Code Civ. P. art. 3432 and so are insufficient to establish Allison and Anthony Crawford's entitlement to unclaimed funds deposited on behalf of Allen Wilson. Dilks & Knopik's Application for Payment of Unclaimed Funds is denied without prejudice.

Baton Rouge, Louisiana, March 4, 2019.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE

---

[7] P-54, pp. 11-15 and 21-25. The affiants appear to have based the affidavits from forms downloaded from louisianaappleseed.org. See P-54, p. 11, n.1 and 21, n.1. As of the date of this opinion, no such forms were available on that website.

[8] La. Code Civ. P. art. 3432(A)(1).

[9] *Id.* at (A)(4).

[10] *Id.* at (A)(7).